UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE CRUZ et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>DANNY DURBIN et al.,<br><br>        Defendants. | 2:11-cv-00342-RCJ-LRL<br><br>**ORDER** |

This case arises out of a car accident on the shoulder of Interstate 15 ("I-15") south of Las Vegas, Nevada. Pending before the Court is a motion to dismiss a negligent hiring and training claim. For the reasons given herein, the Court grants the motion with leave to amend.

**I.     FACTS AND PROCEDURAL HISTORY**

On or about April 17, 2010, Plaintiff Jesse Cruz was driving northbound on I-15 approximately thirty miles south of Las Vegas, Nevada when he pulled over due to mechanical problems with his truck. (Am. Compl. ¶¶ 9–10, Feb. 8, 2011, ECF No. 1, at 6). Cruz and Plaintiff Geovany Martinez were inspecting and maintaining the truck when Defendant Danny Durbin collided into Cruz's truck from the rear, causing Cruz and Martinez severe injuries. (*Id.* ¶ 10). Plaintiffs allege that Durbin was acting within the scope of his employment with Defendants Champion Transportation Services, Inc. and/or Champion Logistics Group, Inc. (collectively, "Champion"). (*See id.* ¶ 7).

1   Cruz, his wife Maria Cruz, and Martinez sued Durbin and Champion in state court. The
2   Amended Complaint ("AC") attached to the notice of removal lists six causes of action that are
3   best characterized as asserting the following five claims: (1) Negligence;[1] (2) Negligent Hiring,
4   Training, and Policies/Procedures; (3) Loss of Consortium; (4) Intentional Infliction of
5   Emotional Distress ("IIED"); and (5) Negligent Infliction of Emotional Distress ("NIED").[2]
6   Defendants removed and have moved to dismiss the second claim.

**II.    LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a

---

[1] The first, third, and fifth causes of action are best characterized as a single claim for negligence. The first cause of action is for "negligence." The third cause of action as pled is for "negligence per se," which is not a separate cause of action but a theory under which a plaintiff may remove the breach element of a negligence claim from the purview of the fact-finder where he can show violation of a duty imposed by statute or regulation. The fifth cause of action as pled is for "respondeat superior," which is also not a separate cause of action but a theory under which an employer is vicariously liable for the negligence of its employees when acting within the scope of their employment.

[2] The sixth cause of action as pled is for "infliction of emotional distress," but the allegations thereunder indicate that claims of both IIED and NIED are intended. (*See id.* ¶ 29). Although the similarity in the names of these two causes of action implies that the only difference between them is the level of culpability of the defendant, the two theories in fact differ significantly in other respects and should be separately listed.

claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Also, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.     ANALYSIS**

"The tort of negligent hiring imposes a general duty on an employer to conduct a reasonable background check on a potential employee to ensure that" he or she is suitable for the position. *Burnett v. C.B.A. Sec. Serv.*, 820 P.2d 750, 752 (Nev. 1991). "An employer breaches this duty when it hires an employee even though the employer knew, or should have known, of

that employee's dangerous propensities." *Hall v. SSF, Inc.*, 930 P.2d 94, 98 (Nev. 1996). An employer also has a general duty to exercise reasonable care to ensure that an employee is properly trained and supervised. *Id.* at 99.

Defendants argue that negligent hiring and training claims are disallowed when a defendant admits that the allegedly negligent employee was acting within the course and scope of his employment. Defendants argue that because they have admitted that Durbin was acting within the course and scope of his employment, (*see* Answer ¶ 7, Mar. 14, 2011, ECF No. 8), the Court should dismiss the negligent hiring and training claim as superfluous. In some cases, a negligent hiring and training claim becomes redundant with a respondeat superior negligence claim when an employer has admitted facts sufficient to establish vicarious liability assuming the employee's direct liability:

> Generally, where an employee is acting within the scope of his or her employment, thereby rendering the employer liable for any damages caused by the employee's negligence under a theory of respondeat superior, no claim may proceed against the employer for negligent hiring or retention. This is because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay for the judgment regardless of the reasonableness of the hiring or retention or the adequacy of the training.

*Lee ex rel. Estate of Lee v. J.B. Hunt Transp., Inc.*, 308 F. Supp. 2d 310, 312 (S.D.N.Y. 2004) (quoting *Karoon v. N.Y.C. Transit Auth.*, 659 N.Y.S.2d 27, 29 (App. Div. 1997)); *accord Kelley v. Blue Line Carriers, LLC*, 685 S.E.2d 479, 483 (Ga. Ct. App. 2009); *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1159 (Ill. App. Ct. 2002); *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995). *Contra James v. Kelley Trucking Co.*, 661 S.E.2d 329, 332 (S.C. 2008); *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1225 (Kan. 1998). Most of the courts to address the question have noted that the bar to a negligent hiring or training action after an employer admits the employee was acting within the scope of employment ("the *McHaffie* rule") is the majority rule. *See, e.g.*, *Marquis*, 961 P.2d at 1224.

The Nevada Supreme Court has not directly addressed the issue. The essential question

is whether a negligent hiring and training claim adds anything to a direct negligence claim after the employer admits the employee was acting under the scope of his employment. The dissenting opinion from *James* illustrates the issue well:

> I would hold that a plaintiff may proceed on a negligent hiring claim when the employer admits vicarious liability only if there is evidence of gross negligence in hiring that would support an award of punitive damages.
>
> As a general rule, most jurisdictions do not allow a separate claim against an employer where vicarious liability is admitted for the acts of an employee. The rationale is that the employer's liability is a derivative claim fixed by a determination of the employee's negligence. Some courts following this general rule, however, will allow a negligent hiring claim to proceed when the employer's liability is alleged to include gross negligence in hiring; in this situation, the employer's gross negligence supports a claim beyond the employee's negligent act.
>
> . . . .
>
> In some circumstances, a plaintiff may allege the employer's negligence rises to such a level that it supports liability in addition to the employer's vicarious liability for the employee's negligent acts. I would allow a separate cause of action in this circumstance because the cause of action against the employer is no longer simply derivative of, or dependent upon, the negligence of the employee.

661 S.E.2d at 634–36 (Moore, J., dissenting) (citations and footnotes omitted). The purpose of the *McHaffie* rule is to prevent unnecessary litigation over claims that have become redundant due to a factual admission by one party and to avoid the admission of irrelevant, prejudicial material. *See McHaffie*, 891 S.W.2d at 826. The purpose of the rule is not furthered by dismissing an allegedly redundant claim where the defendant could possibly be liable on the allegedly redundant claim but not on the other claim, or where liability on the allegedly redundant claim would support an additional measure of damages that liability on the other claim alone would not support. The *McHaffie* court itself noted that it was not instituting an absolute rule, and that a case could present itself in the future where both types of claim could proceed:

> [I]t may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employee. In addition, it is also possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee. . . . However, none of those circumstances exist here. Those issues await another day.

1    *Id.* (citation omitted).

2    Under the facts alleged here, Champion's liability on the negligent hiring and training claim is necessarily dependent on Durbin's negligence. If Durbin is not found to have been negligent, then any negligence by Champion in hiring or training him cannot have been the legal cause of Plaintiffs' harm. And if Durbin is found liable on the negligence claim, then Champion will necessarily be liable due to its admission of Durbin's agency. Furthermore, Plaintiff has not requested punitive damages in the AC, so there is no possibility that the negligent hiring and training claim could support a measure of damages that the negligence claim could not.

   If Plaintiff amended the AC to request punitive damages, however, the outcome would be different, because an employer's fault in hiring and training is different from an employee's fault in driving. Even if Durbin's driving behavior does not support punitive damages—because it was merely negligent—Plaintiffs may still be able to prove by clear and convincing evidence that Champion's behavior with respect to its hiring or training of Durbin exceeded recklessness or gross negligence, supporting a punitive damages claim against Champion if this behavior was the legal cause of the harm. *See* Nev. Rev. Stat. § 42.005; *Wyeth v. Rowatt*, 244 P.3d 765, 783 (Nev. 2010) (affirming punitive damages based on negligence that "exceeded 'mere recklessness or gross negligence'" and hence qualified as malice under the punitive damages statute (quoting *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 254–55 (Nev. 2008))).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 9) is GRANTED, with leave to amend to request punitive damages under the negligent hiring and training claim.

IT IS SO ORDERED.

Dated this 9th day of May, 2011.

_____
ROBERT C. JONES
United States District Judge