**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JESSE CRUZ, *et al.*, | |
| Plaintiff, | 2:11–cv00342–APG–VCF |
| vs. | **ORDER** |
| DANNY DUBIN, *et al.*, | |
| Defendant. | |

Before the court is Plaintiff-Intervenor Lexington Insurance Company's Motion for Leave to Intervene (69#[1]). Plaintiff, and Defendant-in-Intervention, Jesse Cruz filed an Opposition (#71); and, Lexington Replied (#72).

**I. BACKGROUND**

This matter involves a motor vehicle accident that occurred on Interstate 15 in Las Vegas, Nevada. (Compl. (#1) at 3:9). On April 17, 2010, Plaintiff Jesse Cruz was rear ended by a tractor trailer driven by Defendant Danny Durbin. (Pl.'s Opp'n (#71) at 2:5–7). A major explosion resulted, which severely injured Cruz and his passengers. (*Id.*) The tractor trailer was owned by Defendants Champion Transportation Services, Inc. and Champion Logistics Group, Inc., Logistics Group, Inc. and insured by Plaintiff-Intervenor Lexington. (*Id.* at 12–13).

On February 8, 2011, Cruz filed suit in the Eight Judicial District Court, Clark County, Nevada, alleging, *inter alia*, various negligence claims against Durbin and Champion. (*See* Compl. (#1) at 6). On

---

[1] Parenthetical citations refer to the court's docket.

1

March 3, 2011, Champion removed the action to federal court under 28 U.S.C. § 1332, (*see* Notice of Removal (#1) at 3), and filed its answer on March 14, 2011 (#8). Champion did not, however, file any counterclaims against Cruz including, for example, a contributory negligence claim. (*See* Answer (#8) at 4–5).

On October 18, 2011, Lexington made its final payment to Champion pursuant to Lexington's insurance policy with Champion. (Mot. to Intervene (#69) at 5:9–10). At this point, Lexington asserts that its right to sue matured because Lexington became the real party in interest. (*Id.*)

On April 17, 2013, the statute of limitations governing Cruz's complaint ran, ostensibly barring Lexington from filing suit. *See* NEV. REV. STAT. § 11.190(3) (prescribing a three year statute of limitations for actions relating to personal property); (Pl.'s Opp'n (#71) at 2). On June 20, 2013, Lexington moved to intervene pursuant to Federal Rule of Civil Procedure 24(a) and 24(b). (Mot. to Intervene (#69) at 11, 13).

## II. LEGAL STANDARD

Lexington seeks intervention as a matter of right under Rule 24(a)(2) or, alternatively, by permission of the court under Rule 24(b)(1). Because the court finds that Lexington is entitled to intervene as a matter of right, the court will only address intervention under Rule 24(a)(2).

Federal Rule of Civil Procedure 24(a)(2) requires the court to permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(1)(2). An applicant seeking to intervene "as of right" pursuant to Rule 24(a)(2) must satisfy four requirements: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that

2

the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *United States v. Aerojet Gen. Corp.*, 606 F.3d 1142, 1148 (9th Cir. 2010) (internal quotation marks and citations omitted); *accord United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

"[A]lthough an applicant seeking to intervene has the burden to show that these four elements are met, 'the requirements are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *Alisal Water Corp.*, 370 F.3d at 919); se*e also S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) ("In general, we construe Rule 24(a) liberally in favor of potential intervenors."). Furthermore, "[i]n determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations." *Alisal Water Corp.*, 370 F.3d at 919; *accord Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir.2011).

### III. DISCUSSION

Lexington's motion to intervene is granted. Cruz opposes Lexington's motion exclusively on the grounds of timeliness. (*See* Pl.'s Opp'n (#71) at 2–3). Cruz argues, first, that Lexington's intervention is untimely because the relevant statute of limitations has expired and, second, Lexington's reliance on *Cummings v. United States*, 704 F.2d 437 (9th Cir. 1983) is misplace because *Cummings* is factually distinguishable from the instant matter.

**A.      Lexington's Motion to Intervene is Timely**

Courts consider three factors when determining whether an application to intervene is timely under Rule 24(a)(2): "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *California Dept. of Toxic Substances Control et al. v. Commercial Realty Projects et al.*, 309 F.3d 1113, 1119 (9th Cir. 2002). "Timeliness is a flexible concept; its determination is left to the district court's discretion." *U.S. v. Alisal*

*Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004) (citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981)); *see also Red Rock Commodities Ltd. v. M/V Kopalnia Szombierki*, No. 92-cv-6016, 1994 WL 440822, at *2 (S.D.N.Y. Aug. 15, 1994) ("[T]he Court notes that the statute of limitations does not have any talismanic significance with respect to the issue of timeliness" under Rule 24) (citing 7C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1916)).

As an initial matter, the court agrees with Cruz that Lexington's reliance on *Cummings v. United States*, 704 F.2d 437 (9th Cir. 1983) is misplaced from a factual perspective. In *Cummings*, the Ninth Circuit held that the District Court erred in denying Allstate's motion to intervene where Allstate's insured and subrogor, Steven Cummings, had already filed a timely suit against the alleged tortfeasor. *Id*. As Cruz correctly argues, the instant matter is factually distinguishable because here, unlike *Cummings*, Champion, Lexington's insured and subrogor, never filed any suit or counterclaim against Cruz. (Pl.'s Opp'n (#71) at 4). Cruz concludes, therefore, that Lexington is barred from intervening. (*Id*.)

Cruz's argument fails for two reasons. First, although *Cummings* is factually distinguishable, the Ninth Circuit's holding in *Cummings* announced a very clear legal principle that is applicable here: "We hold that the court erred in denying intervention based upon the statute of limitations." *Cummings*, 704 F.2d at 439. Cruz's argument that Lexington is barred from intervening because the relevant statute of limitations ran ignores the Ninth Circuit's clear directive. *See also Red Rock Commodities Ltd.*, 1994 WL 440822, at *2 (citing 7C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1916) (stating that the requirement of timeliness is a flexible one and that the statute of limitations has "no talismanic significance").

Second, it is unclear to the court whether, as Cruz argues, the governing statute of limitations has actually run. Cruz argues that the statute of limitations has expired because Cruz assumes that the statute began to run against Lexington on April 17, 2010, the date of the accident. (*See* Pl.'s Opp'n (#71) at 2).

4

If, however, Lexington's right to sue did not arise until October 18, 2011, the date Lexington made its final payment to Champion, then equity dictates that Lexington should have until October 18, 2014, to file suit. *Alisal Water Corp.*, 370 F.3d at 919 ("In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations"). It would, after all, be inequitable to hold that Lexington should have filed suit soon after April 17, 2010, if Lexington's right to sue did not arise until October 18, 2011.

The court's conclusion that Lexington timely moved to intervene is bolstered by the three factors governing timeliness outlined by the Ninth Circuit. *See California Dept. of Toxic Substances Control*, 309 F.3d at 1119. ("(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay"). With regard to the first factor, the court finds that Lexington's motion to intervene is timely because the proceedings are still at an early stage. Lexington filed its motion on June 20, 2013, two months before the final date to file motions to amend pleadings and add parties.

The court also finds that Lexington's motion is timely because Lexington's intervention will not prejudice Cruz. Lexington's proposed counterclaim against Cruz, which alleges that Cruz's negligence contributed to the collision (*see* Mot. to Intervene (#69-4) at Exhibit D), is substantially similar to the allegations of negligence that Cruz faces in the related case, *Wilson v. Cruz*, No. 2:12-cv-00051-LDG-VCF (alleging, *inter alia*, that Cruz's failure to warn other vehicles of Durbin and Cruz's disabled trucks caused the collision). Importantly, Cruz's opposition to Lexington's motion to intervene does not contest Lexington's argument that its proposed counterclaims in this actions mirror Wilson's allegation in *Wilson v. Cruz. See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion").

With regard to the third factor governing timeliness, the court concludes that Lexington's motion is timely because Lexington's delay was ostensibly caused by Cruz. Lexington argues that it was unable to file on an earlier date because Cruz did not respond to Lexington's inquiries regarding the accident. (Mot. to Intervene (#69) at 11). Lexington's exhibits in support of its motion demonstrate that Lexington was in contact with Cruz as early as January 14, 2011, one month before Cruz filed suit. (*See* Mot. to Intervene (#69-2) at Exhibit B). Cruz, however, purportedly failed to timely respond, which allegedly delayed Lexington from filing suit on an earlier date. (*Id*. at11:9–15). Cruz's response does not oppose this argument or offer an alternative version of the facts. (*See generally* Pl.'s Opp'n (#71) at 1–5). Local Rule 7-2(d) compels the court to find that Cruz has conceded that Lexington's version of the facts is accurate. The court, therefore, finds that equity excuses Lexington's delay in moving to intervene because Cruz is, at least partly, responsible for the delay.

**B.      Lexington has a Signifigant Protectable Interest**

The second requirement that Lexington must satisfy to intervene "as of right" under Rule 24(a)(2) is that Lexington has "a 'significantly protectable' interest relating to the property or transaction which is the subject of the action." *Aerojet Gen. Corp*., 606 F.3d at 1148. "To demonstrate a significant protectable interest, an applicant must establish that the interest is protectable under some law and that there is a relationship between the legally protected interest and the claims at issue." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (internal citations omitted).

Lexington argues that it has a significantly protectable interest because "Lexington paid Champion pursuant to the policy, and as a result possesses a right to recover from Cruz." (Mot. to Intervene (#69) at 11:2–3). The court finds that Lexington's insurance contract with Champion provides "a significantly protectable interest" to justify intervention. This conclusion is bolstered by the fact that

6

Cruz failed to oppose Lexington's argument, which the court considers conceded under Local Rule 7-2(d). (*See generally* Pl.'s Opp'n (#71) at 1–5).

### C.  **Lexington is Unable to Protect its Interest Absent Intervention**

The third requirement that Lexington must satisfy to intervene "as of right" under Rule 24(a)(2) is that Lexington would be impeded from protecting its interest without intervening. *Aerojet Gen. Corp.*, 606 F.3d at 1148. In the Ninth Circuit's words: "If [Lexington] would be substantially affected in a practical sense by the determination made in [this] action, [Lexington] should, as a general rule, be entitled to intervene." *Citizens for Balanced Use*, 647 F.3d at 898 (citing FED. R. CIV. P. 24 advisory committee's note). Lexington argues that disposing of the underlying case without Lexington would deprive Lexington of legal recourse against Cruz. (Mot. to Intervene (#69) at 13:12–13). Cruz, again, failed to oppose Lexington's argument. (*See generally* Pl.'s Opp'n (#71) at 1–5). Consequently, the court finds that Cruz has conceded this argument to Lexington.

Further, whether Cruz prevails or fails on the merits, Lexington's ability to pursue its interests may be impaired by the effects of *stare decisis*, *res judicata*, or collateral estoppel. *See* MOORE'S FEDERAL PRACTICE 3d § 24.03(3)(a)-(b) ("A movant's interest is plainly impaired if disposition of the action in which intervention is sought will prevent any future attempts by the movant to pursue its interest. For example, if the doctrine of *res judicata* would prohibit a movant from pursuing a claim in a separate action, a total obstruction of the interest would result"). The court, therefore, finds that Lexington would be unable to adequately protect its interest in the litigation absent intervention.

### D.  **Lexington is Not Adequately Represented by Champion**

The final requirement that Lexington must satisfy to intervene "as of right" under Rule 24(a)(2) is that Lexington's interests are not adequately represented by a currently named party. *Aerojet Gen. Corp.*, 606 F.3d at 1148. In determining whether the existing parties adequately represent the interests of the

7

purported intervenor, the Ninth Circuit considers three criteria: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the invervenor would offer any necessary elements to the proceeding that other parties would neglect. *People of State of California v. Tahoe Regional Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986) (internal citations omitted). Because Champion did not file any counterclaims against Cruz, (*see generally* Answer (#8) at 4–5), it is self-evident that Champion will not adequately represent Lexington, which seeks to recover funds paid to Cruz rather than merely defend against Cruz's allegations of negligence.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Lexington's Motion to Intervene (#69) is GRANTED.

IT IS SO ORDERED.

DATED this 1st day of October, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE