1

2                          **UNITED STATES DISTRICT COURT**

3                                **DISTRICT OF NEVADA**

4                                          ***

5    JESSE CRUZ, *et al.*,

6                          Plaintiffs,

7    vs.                                              Lead Case: 2:11–cv–342–LDG–VCF

8    DANNY DURBIN, *et al.*,                          **ORDER**

9                          Defendants.

10   ─────────────────────────────

11   KAREN WILSON,

12                         Plaintiff,
                                                      Member Case: 2:12–cv–51–LDG–VCF
13   vs.

14   JESSE CRUZ, *et al.*,

15                         Defendants.

16   ─────────────────────────────
     JESSE CRUZ, *et al.*,

17                         Plaintiffs,

18   vs.                                              Member Case: 2:12–cv–1627–LDG–VCF

19   WABASH NATIONAL CORPORATION, *et al.*,

20                         Defendants.

21

22          This matter involves a motor vehicle accident that occurred on Interstate 15 in Las Vegas,

23   Nevada. (Compl. (#1) at 3:9[1]). Before the court is Plaintiff Jesse Cruz's Motion to Strike (#129).

24   Defendant Clem-Trans, Inc. joined (#131), Danny Durbin filed an opposition (#133), and Cruz replied

25

     ─────────────────────────
     [1] Parenthetical citations refer to the court's docket.

1  (#135). For the reasons stated below, Cruz's Motion to Strike is granted in part and denied in part.

2  ## BACKGROUND

3      On April 17, 2010, Jesse Cruz and Geovany Martinez were driving two Clem-Trans trucks on
4  Interstate 15 outside of Las Vegas. They were carrying mail from Los Angeles. Martinez drove the lead
5  truck; and Cruz followed in a second truck.

6      Something went wrong. Cruz made an emergency stop and pulled over to the side of the road.
7  But, Cruz allegedly left the rear of his trailer protruding across the white line separating the shoulder and
8  the roadway. Seeing that Cruz was in trouble, Martinez stopped to help. Martinez got out of his truck
9  and walked some distance back to Cruz's truck. Eventually, Cruz and Martinez were examining Cruz's
10  truck and placing traffic triangles around Cruz's truck to alert oncoming traffic.

11      Meanwhile, a third truck—driven by Defendant Danny Durbin—approached. Durbin and his co-
12  driver, Larry Wilson, were traveling in the center lane. A car flashed its lights three times. Durbin
13  looked into his rearview mirror, observed a car behind him, and decided to move over. Once in the right
14  lane, the car flashed its lights a fourth time. Again, Durbin looked into his rearview mirror and saw the
15  same car in the center lane.
16  

17      Sometime later, Durbin woke up. He had been in an accident. Now, he found himself leaning up
18  against the highway's center divider, watching a truck burn. He later learned that he crashed into Cruz's
19  truck after looking into his rearview mirror. An explosion resulted. Cruz, Martinez, and Durbin were
20  severely injured. Durbin and Wilson were then taken to the University Medical Center of Southern
21  Nevada. Dr. David Obert completed a trauma report, noting that Durbin "hit his head" and "does not
22  remember the details of the events." (Exhibit A (#133-3) at 2). Twelve days later, Wilson died.

23      These consolidated lawsuits followed. On October 25, 2011, Durbin was deposed and testified to
24  not remembering the accident:
25  

2

Q.   Do you remember—do you have a personal recollection of the moment of impact?

A.   The personal recollection of impact?

Q.   Yes.

A.   No. Last recollection I had was his bright lights in my rearview mirror.

Q.   And what's the next recollection you have?

A.   What's the next recollection? After the accident, was coming to, leaning up against the center divider.

On April 23, 2014, the deadline to disclose initial experts—which had been extended several times—expired. Nonetheless, on May 27, 2014, Durbin disclosed Dr. Frecker, a Board Certified Neurologist, as an initial expert, who will offer medical testimony regarding Durbin's memory loss. (*See* Frecker Report (#133-5) at 1–2) ("Mr. Durbin suffered a phenomenon of retrograde amnesia"). This prompted Cruz's motion to strike. He argues that Frecker's report should be stricken because it was not timely disclosed.

## LEGAL STANDARD

Federal Rules of Civil Procedure 26(a)(2) governs expert disclosures. Expert disclosures are subject to time and content requirements. Rule 26(a)(2)(D) governs timing and states that expert disclosures must be made "at least 90 days before the date set for trial" and that rebuttal expert disclosures must be made "within 30 days after the other party's disclosures." FED. R. CIV. P. 26(a)(2)(D)(i)–(ii). In the District of Nevada, these deadlines are shortened by Local Rule 26-1(e)(3), which states that expert disclosures must be made "sixty (60) days before the discovery cut-off date" and that rebuttal expert disclosures must be made "thirty (30) days after the initial disclosure of experts." These deadlines are subject to modification by the court's entry of a discovery plan and scheduling order. *See* LR 26-1(e)(3).

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) governs the content of rebuttal experts and states that a rebuttal expert's testimony is limited to testimony that "contradict[s]" or "rebut[s]." *See* FED. R. CIV. P. 26(a)(2)(D)(ii); *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636

(D. Haw. 2008). This means that an expert's rebuttal testimony may not introduce new, alternative or previously unconsidered theories. *See United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir.), *cert. denied*, 446 U.S. 939 (1980) ("'The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party,' and the decision to admit rebuttal testimony 'is entrusted to the sound discretion of the district court.'"); *see also In re Piasecki*, 745 F.2d 1468, 1472 (Fed. Cir. 1984) (stating that rebuttal expert reports must include "a showing of facts supporting the opposite conclusion"). Rebuttal testimony must address the same subject matter and refute the previous expert's conclusions regarding that subject matter. *Luschen*, 614 F.2d at 1170; *In re Piasecki*, 745 F.2d at 1472.

Rule 37 "gives teeth" to these requirements by forbidding the use at trial of any information that is not properly disclosed. *Goodman v. Staples*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(c)(1) was implemented by the 1993 amendments to the Federal Rules of Civil Procedure to broaden of the court's sanctioning power. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998)). The Advisory Committee Notes state that Rule 37(c)(1) is a "self-executing," "automatic" sanction designed to provide a strong inducement for the proper disclosure of material." FED. R. CIV. P. 37 Advisory Comm. Notes (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. *Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)). Because the rules are designed to be self-executing, the nonmoving party bears the burden of demonstrating that that an allegedly improper disclosure is either proper, harmless, or substantially justified. *Torres v. City of Los Angeles*, 548 F.3d 1197, 12123 (9th Cir. 2008) (citing *Yeti by Molly*, 259 F.3d at 1107).

**DISCUSSION**

Cruz's Motion to Strike is granted in part and denied in part. The court declines striking Durbin's expert for three reasons. First, Cruz is not prejudiced or surprised by Durbin's untimely disclosure. On the contrary, Cruz concedes that Durbin's memory loss has been an issue for some time and that "Frecker does not add anything" to Durbin's defense but "credentials as a physician." (Pl.'s Reply (#135) at 8:10–11). In support of this fact, Cruz relies on Durbin's deposition and answers to interrogatories, both of which were timely and indicate that Durbin suffered memory loss. (*Id.* at 8:15).

Second, the court is unpersuaded by Cruz's argument that allowing Dr. Frecker to testify will unfairly permit Durbin to change the theory of his case. (*Id.* at 6:10). Cruz's reliance on Durbin's deposition testimony and answers to interrogatories refute this argument. If Durbin has repeatedly stated that he experienced memory loss, as Cruz argues, then Dr. Frecker's testimony will not change the theory of Durbin's defense. In any event, this action is in the midst of discovery. If discovery yields new facts—like the existence of a medical condition—then it is an appropriate time to change one's theory of the case.

Third, Durbin's untimely disclosure is harmless because discovery does not close until October. This provides Cruz with enough time to depose Dr. Frecker and challenge his expert report, which is less than two pages. *See Amos v. Makita U.S.A., Inc.*, No. No. 2:09–cv–01304–GMN–RJJ, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011) (citing *Frontline Med. Assocs. v. Coventry Health Care*, 263 F.R.D. 567, 570 (C.D. Cal. 2009)).

Nonetheless, Durbin's untimely disclosure is sanctionable. It will require Cruz to propound additional discovery and incur unexpected costs. This is prejudicial. See, e.g., *Wintice Group, Inc. v. Longleg*, No. 2:08–cv–01827–PMP–PAL, 2011 WL 383039, at *7 (D. Nev. Feb. 3, 2011) (incurring discovery costs after a deadline to conduct discovery has passed is prejudicial). Therefore, the court

mitigates this prejudice by ordering Durbin to pay all reasonable expenses and costs associated with Dr. Frecker's deposition, including Dr. Frecker's fee for time spent preparing for and testifying at his deposition. This sanction is well within the ambit of sanctions contemplated by Federal Rule of Civil Procedure 37(c)(1). *See Yeti by Molly*, 259 F.3d at 1106 (citing *Ortiz–Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)) (stating that the discovery rules give "particularly wide latitude to a district court's discretion to issue sanctions under Rule 37(c)(1)").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Jesse Cruz's Motion to Strike (#129) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff Jesse Cruz's request to strike Dr. David Freckler's expert report is DENIED.

IT IS FURTHER ORDERED that Defendant Danny Durbin will bear all reasonable COSTS AND EXPENSES related to Dr. David Freckler's deposition.

IT IS SO ORDERED.

DATED this 21st day of August, 2014.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE