# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JESSE CRUZ, an individual; MARIA CRUZ, an individual; GEOVANY MARTINEZ, an individual, | Case No. 2:11-cv-00342-LDG-VCF |
| Plaintiffs, | **ORDER** |
| v. | |
| DANNY DURBIN, an individual; CHAMPION TRANSPORTATION SERVICES, INC., a foreign corporation; CHAMPION LOGISTICS GROUP, INC., a foreign corporation; DOES I through XX, inclusive; and ROE BUSINESS ENTITIES I through XX, inclusive, | |
| Defendants. | |
| LEXINGTON INSURANCE COMPANY, as subrogee for Champion Transportation Services, Inc., | |
| Counter-Claimant-in-Intervention, | |
| v. | |
| JESSE CRUZ, an individual, | |
| Counter-Defendant-in-Intervention. | |

Defendant-in-intervention Jesse Cruz moves to dismiss (#83)[1] plaintiff-in-intervention Lexington Insurance Company's ("Lexington") counterclaim-in-intervention (#76) pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. Lexington opposes the motion (#88), and the court has considered counter-defendant-in-intervention Cruz's proposed reply, which is the subject of his motion for leave to file and/or to extend the time

---

[1] Parenthetical citations refer to the Court's docket.

to file a reply under Fed. R. Civ. P. 6(b) and Local Rule 6-1 (#100).  Having considered the briefs and arguments of the parties, the Court will deny the motion to dismiss.

## I. Background

On April 17, 2010, a motor vehicle accident occurred on Interstate 15 in Las Vegas, Nevada.[2] Defendant-in-intervention Jesse Cruz was rear ended by a tractor trailer driven by Danny Durbin, causing severe injury to Cruz and his passengers.  The truck driven by Durbin was owned by Champion Transportation Services, Inc., and Champion Logistics Group, Inc., Logistics Group, Inc., and insured by Lexington.

On February 8, 2011, Cruz filed suit in the Eighth Judicial District Court, Clark County, Nevada, alleging, *inter alia*, various negligence claims against Durbin and Champion.  On March 3, 2011, Champion removed the action to federal court under 28 U.S.C. § 1332 and filed its answer on March 14, 2011.  Champion did not file any counterclaims against Cruz including, for example, a contributory negligence claim.

On October 18, 2011, Lexington made its final payment to Champion pursuant to Lexington's insurance policy with Champion.  At this point, Lexington asserts that its right to sue matured because Lexington became the real party in interest.

On April 17, 2013, the statute of limitations governing Cruz's complaint apparently ran, arguably barring Lexington from filing suit.  *See* N.R.S. § 11.190(3) (prescribing a three-year statute of limitations for actions relating to personal property).  On June 20, 2013, Lexington moved to intervene pursuant to Fed. R. Civ. P. 24(a), and was granted the right of intervention by Magistrate Judge Cam Ferenbach on October 1, 2013.

## II. Legal Standard

Cruz seeks to dismiss Lexington's counterclaim-in-intervention, pursuant to Fed. R. Civ. P. 12(b)(6), challenging whether Lexington's counterclaim states "a claim upon which

---

[2] Background information is adopted from the Order Granting Motion to Intervene (#75).

2

relief can be granted." Specifically, Cruz asserts that Lexington's counterclaim-in-intervention is time-barred by the statute of limitations under N.R.S. § 11-190(3)(c) (limiting recovery for actions injuring personal property to a period of three years).

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) on the ground that it is barred by the applicable statute of limitations if the running of the statute of limitations is "apparent from the face of the complaint." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp., PLC*, 733 F.3d 1251 (9th Cir. 2013).

Federal Rule of Civil Procedure 13(e) gives discretion to courts to "permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." In subrogation claims, "the right to sue a party responsible for a loss passes to an insurer once the insurer has paid for the loss." *Dillingham Tug & Barge Corp. v. Collier Carbon & Chem. Corp.*, 707 F.2d 1086, 1090 (9th Cir. 1983). Additionally, Fed. R. Civ. P. (15)(c)(1)(B) allows an amendment to relate back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading."

### III. Discussion

Lexington's right to intervene having been recognized by the Court, the Court will not consider timeliness of the motion to intervene. However, the pertinent question before the Court is whether granting intervention under Fed. R. Civ. P. 24(a)(2) allows for relation back to the original pleadings, thereby avoiding the statute of limitations bar as set forth in N.R.S. § 11.190(3).

Federal Rule of Civil Procedure 24 neither explicitly allows for relation back nor explicitly denies this privilege. Lexington relies on *Cummings v. United States*, 704 F.2d 437 (9th Cir. 1983), to state that the intervention of an insurance carrier, as a subrogee of its insured, is essentially the equivalent of a *pro tanto* substitution of the real party in interest under Fed. R. Civ. P. 17(a). Under *Cummings* "such a substitution relates back to

3

the filing of the original complaint." *Cummings*, 704 F.2d at 440.  The instant case is factually dissimilar because neither Lexington nor Champion filed a complaint to which they may relate back.  For his part, Cruz argues that the Supreme Court has denied such relation back under Rule 24. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974).  *American Pipe* emphasizes the important policy implications in using statutes of limitations, but remains silent over whether Rule 24 allows relation back.

Due to a lack of factually similar precedent, this Court finds that a review of the statute of limitations under N.R.S. 11.190(3) is appropriate.  Though the language is specific in stating the time for recovery, the statute is equally silent on whether a claim is tolled on behalf of an insurer.  The Ninth Circuit resolved this issue stating that "the right to sue a party responsible for a loss passes to an insurer once the insurer has paid for the loss." *Dillingham*, 707 F.2d at 1090.  This is consistent with Fed. R. Civ. P. 13(e), which states, "the court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading."

As the magistrate judge ruled in granting Lexington's motion to intervene, Lexington's claim as a plaintiff-in-intervention did not mature until the final payment was made to Champion on October 18, 2011.  Magistrate Judge Ferenbach's order further relied on practical and equitable considerations, which are applicable to this Court's consideration of Cruz's motion to dismiss.  Lexington's rights to sue were not adequately represented by the other defendants.  By granting the intervention, the magistrate judge acknowledged that principle, and his order was not timely appealed.  Moreover, it is counterintuitive to allow a party to intervene, then deny their right of action based on the statute of limitations, if the statute of limitations did not bar the party's entry in the first place.  Finally, Lexington's claim also relates back to the original claims as an affirmative defense to the original claims alleged by Cruz and his co-plaintiffs.  Federal Rule of Civil Procedure 15(c)(1)(B) (allowing relation back when the amendment asserts a claim or

4

defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading).

Therefore, the Court finds that Lexington's counterclaim-in-intervention relates back to the original pleadings and answers.

## IV. Conclusion

For the aforementioned reasons,

THE COURT **ORDERS** that Cruz's Motion to Dismiss (#83) is DENIED.

THE COURT FURTHER **ORDERS** that Cruz's Motion for Leave to File and/or To Extend the Time to File a Reply Under Fed. R. Civ. P. 6(b) and Local Rule 6-1 (#100) is DENIED as moot.

DATED this 2 day of Sept, 2014.

_____
Lloyd D. George
United States District Judge