**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JESSE CRUZ, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DANNY DURBIN, *et al.*, <br><br> Defendants. | Lead Case: 2:11–cv–342–LDG–VCF <br><br> **ORDER** |
| KAREN WILSON, <br><br> Plaintiff, <br><br> vs. <br><br> JESSE CRUZ, *et al.*, <br><br> Defendants. | Member Case: 2:12–cv–51–LDG–VCF |
| JESSE CRUZ, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> WABASH NATIONAL CORPORATION, *et al.*, <br><br> Defendants. | Member Case: 2:12–cv–1627–LDG–VCF |

Before the court is Jesse Cruz's Motion to Seal (#182). On August 27, 2014, Cruz filed a motion for discovery sanction and inadvertently failed to ask the court to seal a document that is subject to the parties' joint confidentiality agreement and protective order. (*See* Doc. (#141) at Ex. 11). On October 9,

2014, the court held a hearing on Cruz's motion and ordered Cruz to file an appropriate order that complies with Local Rule 10-5(b) and the Ninth Circuit's decision in *Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

On October 28, 2014, Cruz filed the instant motion to seal. He relies on *In re Roman Catholic Archbishop of Portland in Or.*, 661 F. 3d 417, 424 (9th Cir. 2011), and argues that for non-dispositive filings a specific showing of good cause is not required under *Kamakana* if, as here, the non-dispositive filing is subject to a joint confidentiality agreement and protective order. In *In re Roman Catholic Archbishop of Portland in Or.*, the Ninth Circuit stated,

> While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order. When the protective order was a stipulated order and no party ha[s] made a good cause showing, then the burden of proof . . . remain[s] with the party seeking protection.

*Id*. at 424 (citations and quotation marks omitted). Here, the protective order made no specific good cause showing regarding exhibit eleven. Nonetheless, the court has reviewed exhibit eleven and finds that there is an adequate factual basis for sealing it. Exhibit eleven contains Wabash's design specifications and intellectual property. Sealing exhibit eleven poses no harm to the public. On the contrary, protecting a person's intellectual property serves the public interest. *Monsanto Co. v. Rohm & Haas Co.*, 456 F.2d 592, 599 (3d Cir. 1972) (stating that intellectual property is "recognized by the Constitution . . . [as] a special privilege designed to serve the public purpose of promoting the "Progress of Science and useful Arts.").

/// /// ///

/// /// ///

/// /// ///

/// /// ///

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Jesse Cruz's Motion to Seal (#182) is GRANTED.

IT IS FURTHER ORDERED that Exhibit 11 to Jesse Cruz's Motion for Discovery Sanctions (#141) is SEALED.

IT IS SO ORDERED.

DATED this 6th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE