# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JESSE CRUZ, et al., | 2:11-cv-342-LDG-VCF |
| Plaintiffs, | ORDER |
| v. | |
| DANNY DURBIN, et al, | |
| Defendants. | |
| and related actions. | |

The following matters have come before the court:

I. <u>Plaintiffs' objection to magistrate judge's order granting in part and denying in part plaintiffs' motion to strike defendants' untimely liability expert David Frecker (#147, response #155)</u>

The court finds that the magistrate judge's ruling on plaintiff Cruz's motion to strike defendants' liability expert (#136) was supported by the record and judicious in mitigating any prejudice to plaintiffs related to deposing the expert. The magistrate judge's conclusions were not clearly erroneous, and his order will be affirmed.

II. <u>Plaintiff-in-intervention Imperium Insurance Company's motion for leave to intervene in action (#163)</u>

This motion is unopposed, and a parallel motion has been granted by the magistrate judge (#124). It will be granted.

III.  Plaintiff's objection to magistrate judge denying Cruz's motion for discovery sanctions and stipulation to extend time for discovery (#187)

The magistrate judge considered plaintiffs' motion for discovery sanctions as a motion to compel.  Plaintiffs have not shown how the magistrate judge's orders concerning discovery were clearly erroneous.  They have pointed to nothing to rebut the accuracy of Wabash's response that it did not design the brake system configuration, and could not locate the individual who in 1997 installed the brakes on the trailer.  Plaintiffs have not shown that Wabash's statements that it had made a good faith effort to locate the information sought in plaintiffs' requests but could not do so were inaccurate.  Plaintiffs' attempts to notice Wabash's Rule 30(b)(6) deposition were flawed, and it was not Wabash's duty to notice proper depositions of plaintiffs' witnesses.  Nor did the magistrate judge err in denying the request to extend discovery.  His ruling will be affirmed.

IV.  Meritor, Inc.'s motion for final judgment pursuant to Rule 54(b) (#189, notice of non-opposition #203), and request for ruling on motion for final judgment (#224)

Considering the grounds for the court's grant of Meritor's motion to dismiss (#181) and the arguments of Meritor in its unopposed motion for final judgment, the court finds that there is no just reason for delay in entering judgment.  Meritor's motion will be granted.  Meritor's request for ruling on motion for final judgment will be denied as moot.

Based on the foregoing,

THE COURT HEREBY ORDERS that plaintiffs' objection to magistrate judge's order granting in part and denying in part plaintiffs' motion to strike defendants' untimely liability expert David Frecker (#147) is DENIED, and the magistrate judge's order is AFFIRMED.

THE COURT FURTHER ORDERS that plaintiff-in-intervention Imperium Insurance Company's motion for leave to intervene in action (#163) is GRANTED.

1     THE COURT FURTHER ORDERS that plaintiffs' objection to magistrate judge denying Cruz's motion for discovery sanctions and stipulation to extend time for discovery (#187) is DENIED, and the magistrate judge's order is AFFIRMED.

    THE COURT FURTHER ORDERS that Meritor, Inc.'s motion for final judgment pursuant to Rule 54(b) (#189) is GRANTED, and that its request for ruling on motion for final judgment (#224) is DENIED as moot.

    DATED this ___ day of September, 2015.

_____
Lloyd D. George
United States District Judge