UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JESSE CRUZ, et al.,

    Plaintiffs,

v.

DANNY DURBIN, et al,

    Defendants.

2:11-cv-342-LDG-VCF

ORDER

The following matters are before the court:

I.    <u>Defendants' motion to consolidate cases for trial (#227)</u>

On January 9, 2014, Chief Judge Navarro reassigned 2:11-cv-0034-GMN-VCF (#25), whose pretrial and discovery matters had previously been consolidated to Magistrate Judge Ferenbach (#24). The current motion to consolidate cases for trial is unopposed. The motion will be granted.

II.    <u>Defendant Wabash National Corporation's ("Wabash") motion for summary judgment on all claims (#228, opposition # 237, reply #246)</u>

Wabash's motion argues that before the April 17, 2010, accident, it had not received a single complaint that the use of the air hose in question had caused and accident; that plaintiff Jesse Cruz could have moved his tractor trailer completely off the travel lane of Interstate 15, and the evidence indicates that defendant Durbin was unable to perform as approximately 76% of truck drivers to avoid the collision; there is no evidence that the Wabash design was

"unreasonably dangerous" to its "ordinary customers"; and there is no physical evidence demonstrating that the hose was the cause of the accident because the hose was not recovered from the accident scene.

The court finds that genuine issues of material fact exist regarding (1) whether Wabash used an inferior hose and the designed routing of the hose was defective in exposing the hose to road debris, and (2) whether Cruz could have moved the trailer further off the road, and whether Durbin could have avoided the collision. Further, causation should be an issue for the trier of fact in this case. The motion for summary judgment will be denied.

III.     <u>Plaintiffs' motion for partial summary judgment regarding negligence against Wabash (#230, opposition #236, reply #244)</u>

Plaintiffs argue that there are no genuine issues of material fact and they are entitled to judgment as a matter of law that Wabash's brake design was defective per se, resulting in the duty and breach elements of plaintiffs' negligent claim against Wabash being satisfied.

The portions of SAE J844 and SAE J1402 have not been adopted by the National Highway Traffic Safety Administration ("NHTSA"). Plaintiffs urge that the Restatement of Torts § 288B includes the violation of an administrative regulation when the court defines the standard of conduct as a reasonable man, and therefore is negligence in itself. However, plaintiffs have not shown that, even if the regulations had been adopted by the NHTSA, Nevada has recognized it as a basis for negligence per se as a matter of law. The court agrees that there is a genuine issue of material fact as to whether Wabash violated the SAE codes, and the court declines at this point to interpret the language of the codes without the benefit of the legal and evidentiary development of the terms regarding road hazards, shielding, and vulnerable areas at trial. The motion for summary judgment will be denied.

IV. Plaintiff Geovany Martinez's motion for partial summary judgment (#231, opposition ##234 and 235, reply #245)

The court finds that there are genuine issues of material fact regarding whether plaintiff Martinez's conduct before the accident was negligent. Defendants' trucking expert testified that Martinez violated the standard of care for commercial truck drivers by contributing to the safety hazard. Whether such a standard of care exists for commercial truck drivers shall be considered at trial. Furthermore, the court determines that any failure to warn Cruz about the position of Cruz's truck should be considered in the context of the fact that Martinez assisted Cruz in the truck repair for an indeterminate amount of time without providing such a warning. Finally, an issue of fact exists regarding whether Martinez' failure to position triangles at his own truck was negligent. Given those factual and legal issues, the court will not consider applying the rescue doctrine at this time. This motion for summary judgment will be denied.

THE COURT HEREBY ORDERS that defendants' motion to consolidate cases for trial (#227) is GRANTED.

THE COURT FURTHER ORDERS that defendant Wabash National Corporation's motion for summary judgment on all claims (#228); plaintiffs' motion for partial summary judgment regarding negligence against Wabash (#230); and plaintiff Geovany Martinez's motion for partial summary judgment (#231) are DENIED.

DATED this 31 day of March, 2016.

Lloyd D. George
United States District Judge